John Lee SHUTE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–926–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 6, 1991.

Rehearing Overruled June 27, 1991.

Discretionary Review Granted
Sept. 11, 1991.

Ken J. McLean, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before PAUL PRESSLER, JUNNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant John Lee Shute, appeals the trial court's denial of his writ of habeas corpus claiming the prosecution for the attempted murder involving the same purported act and complainant is barred by double jeopardy where appellant had been acquitted of the same offense. We reverse the trial court's judgment and order the indictment in the attempted murder case dismissed.

Appellant was initially convicted in a trial to the court of attempted capital murder of a peace officer. He was sentenced to thirty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal this court found the evidence insufficient to support the conviction and reversed and ordered a judgment of acquittal. *Shute v. State*, No. C14–88–630–CR filed February 23, 1989,

1989 WL 14123. The State's petition for discretionary review was refused on August 30, 1989, a motion for rehearing was denied September 27, 1989.

Subsequently, appellant was indicted for attempted murder of the same victim arising out of the same incident. Appellant filed a pre-trial application for a writ of habeas corpus claiming that the prosecution of the lesser included offense of attempted murder was barred by the Double Jeopardy Clause due to the previous appellate acquittal for attempted capital murder of a peace officer. The trial court denied the writ. Appellant appeals from the trial court's judgment denying the writ.

In his sole point of error appellant asserts that the trial court erred by denying appellant's pre-trial writ of habeas corpus claiming that a retrial is barred for the lesser offense of attempted murder after a conviction at trial and appellate acquittal for the greater offense of attempted capital murder.

■ A pretrial writ of habeas corpus is an appropriate remedy to review a double jeopardy claim. *Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex.Crim.App.1986). In *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Supreme Court observed that the preferred procedural vehicle for review of a double jeopardy claim was the writ of habeas corpus since:

> The rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy clause protects against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on appeal following final judgment, as the Government suggests. However, the Court has long recognized that the double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to *trial* for the same offense.

431 U.S. at 660–61, 97 S.Ct. at 2040–41 (emphasis in original).

The prohibition against double jeopardy is found in the Fifth Amendment to the United States Constitution. A similar provision may be found in Art. I, § 10 of the Texas Constitution. The Fifth Amendment prohibition against double jeopardy is fully applicable to the States through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969).

■ An initial question before this court is whether attempted capital murder of a peace officer and attempted murder are the same offense for the purpose of the Double Jeopardy Clause. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court established the test for determining whether a "second" statutorily defined offense is the "same" for purposes of double jeopardy. The Supreme Court held:

> The applicable rule is where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact that the other does not.

299 U.S. at 304, 52 S.Ct. at 182.

■ As is invariably true of greater and lesser included offenses, the lesser offense of attempted murder requires no proof beyond that of the greater offense of attempted capital murder of a peace officer. *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977). The greater offense is therefore by definition the "same" as any lesser offense included in it. *Id.* Thus under *Blockburger*, attempted murder is the "same" offense as attempted capital murder of a peace officer for purposes of the Double Jeopardy Clause. *Stephens v. State*, 806 S.W.2d 812 (Tex.Crim.App.1990—Motion for Rehearing Denied January 30, 1991).

The issue before us, whether a retrial is barred for the lesser offense of attempted murder after an appellate acquittal of the greater offense of attempted capital murder, has been recently answered by the

Texas Court of Criminal Appeals. In *Stephens v. State*, 806 S.W.2d 812 (Tex.Crim. App.1990), the Court held that an appellate acquittal on aggravated rape barred reprosecution for the lesser offense of rape since, invariably, the lesser offense of rape requires no proof beyond that of the greater offense of aggravated rape. *Stephens,* supra, relying on *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The opinion however did not answer the question whether the jeopardy provisions of the respective constitutions would bar a subsequent prosecution if the jury charge had included an instruction on the lesser included offense or if the trial court had erroneously refused the State's request for a lesser included offense instruction. Although the factfinder in our case was the trial court, a different analysis is not required.

The primary goal of barring reprosecution after acquittal is to prevent the State from mounting successive prosecutions and thereby wearing down the defendant. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984). As was explained in *Green v. United States*, 355 U.S. 184, 187–188, 78 S.Ct. 221, 223–224, 2 L.Ed.2d 199, 77 Ohio L.Abs. 202, 61 A.L.R.2d 1119 (1957): The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty. *Id.*, 355 U.S. at 187, 78 S.Ct. at 223, 2 L.Ed.2d at 204.

■ It was established beyond peradventure in *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) that upon conviction or acquittal in a trial court for a given offense the Double Jeopardy Clause bars retrial for the "same" offense, and that determination of whether a second statutorily defined offense, different from that upon which the accused was originally

tried, is nevertheless the "same" so as to bar subsequent prosecution for that offense is made through application of the rule stated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

■ We find that the Double Jeopardy Clauses of our respective constitutions bar a second prosecution that would require the accused to "run the gauntlet" again. Therefore if a defendant has obtained a reversal of a conviction for a greater offense on the ground that there was insufficient evidence to prove the aggravating element of that offense, as is the case here, the Double Jeopardy Clauses bar a subsequent prosecution for a lesser included offense.

Appellant is entitled to the habeas corpus relief denied by the trial court. Accordingly, we reverse the trial court's judgment and order the indictment in the attempted murder case dismissed.