John Lee SHUTE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–00926–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 15, 1993.

Discretionary Review Refused
Oct. 20, 1993.

in light of *Granger v. State*, 850 S.W.2d 513 (Tex.Crim.App.1993).

Appellant John Lee Shute, appeals the trial court's denial of relief on his writ of habeas corpus in which he asserted that the prosecution for the attempted murder involving the same purported act and complainant is barred by double jeopardy where appellant had been acquitted of the same offense. We affirm.

Appellant was convicted of attempted capital murder of a peace officer. He was sentenced to thirty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, this court found the evidence insufficient to support the conviction for attempted capital murder and reversed and ordered a judgment of acquittal. *Shute v. State*, No. C14–88–630–CR filed February 23, 1989 (unpublished). The State's petition for discretionary review was refused on August 30, 1989. A motion for rehearing was denied September 27, 1989.

Subsequently, appellant was indicted for attempted murder of the same victim arising out of the same incident. Appellant filed a pre-trial application for a writ of habeas corpus claiming that the prosecution of the lesser included offense of attempted murder was barred by the Double Jeopardy Clause due to the previous appellate acquittal for attempted capital murder of a peace officer. The trial court denied relief. Appellant appeals from the trial court's judgement denying relief.

Ken J. McLean, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION ON REMAND

ELLIS, Justice.

We reversed appellant's judgment of conviction on June 6, 1991. *Shute v. State*, 812 S.W.2d 61 (Tex.App.—Houston [14th Dist.] 1991). The Court of Criminal Appeals granted the State's petition for discretionary review. That court vacated our judgment and remanded the cause 857 S.W.2d 55 for us to reconsider our opinion

■ In his sole point of error, appellant asserts that the trial court erred by denying relief on his pre-trial writ of habeas corpus claiming that a retrial is barred for the lesser offense of attempted murder after a conviction at trial and appellate acquittal for the greater offense of attempted capital murder. A pre-trial writ of habeas corpus is an appropriate remedy to review a double jeopardy claim. *Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex.Crim.App. 1986). In *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Supreme Court observed that the preferred procedural vehicle for review of a

double jeopardy claim was the writ of habeas corpus because:

> The rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence. To be sure, the Double Jeopardy Clause protects against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on appeal following final judgment, as the Government suggests. However, the Court has long recognized that the Double Jeopardy Clause protects an individual against more than being subjected to double punishments. It is a guarantee against being twice put to trial for the same offense.

431 U.S. at 660–61, 97 S.Ct. at 2040–41.

The prohibition against double jeopardy is found in the Fifth Amendment to the United States Constitution. A similar provision may be found in Art. I, § 10 of the Texas Constitution. The Fifth Amendment prohibition against double jeopardy is fully applicable to the States through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707 (1969).

The initial question before this court is whether attempted capital murder of a peace officer and attempted murder are the same offense for the purpose of the Double Jeopardy Clause. In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court established the test for determining whether a "second" statutorily defined offense is the "same" for purposes of double jeopardy. The Supreme Court held:

> The applicable rule is where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact that the other does not.

284 U.S. at 304, 52 S.Ct. at 182.

As is invariably true of greater and lesser included offenses, the lesser offense of attempted murder requires no proof beyond that of a greater offense of attempted capital murder of a peace officer. *Brown v. Ohio*, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977). The greater offense is therefore by definition the "same" as any lesser offense included in it. *Id.* Thus, under *Blockburger*, attempted murder is the "same" offense as attempted capital murder of a peace officer for purposes of the Double Jeopardy Clause. *Stephens v. State*, 806 S.W.2d 812 (Tex.Crim. App.1990).

In his original trial to the court, appellant stipulated to facts which established his guilt of attempted murder. Specifically, appellant stipulated that he committed the offense of attempted murder of William Thomas Hill in that he stipulated that he had committed each and every element of the attempted capital murder alleged with the exception of Mr. Hill being a peace officer in the lawful discharge of an official duty. Thus, the only contested issue was whether Hill was a peace officer in the lawful discharge of an official duty—the factor which aggravated the offense of attempted murder to attempted capital murder. The testimony of Hill was presented on this issue, following which the trial court found that sufficient evidence had been presented to establish appellant's guilt as to attempted capital murder. At the punishment hearing, the trial court reiterated its finding of the appellant's guilt of attempted capital murder of a police officer.

While the unpublished opinion which reversed appellant's conviction for attempted capital murder was not included within the record of this case, it is uncontroverted that the reversal and acquittal was based on the finding of the Fourteenth Court of Appeals that the evidence was insufficient to prove the only contested element in the case, i.e., whether Hill was a peace officer in the lawful discharge of an official duty. In other words, it is uncontroverted that the only issue which has been litigated against the State is that Hill was not a peace officer in the lawful discharge of an official duty.

The issue before us involves a question which was expressly reserved in *Stephens v. State*, 806 S.W.2d 812 (Tex.Crim. App.1990), i.e., whether a retrial for a lesser offense will be allowed after an appellate acquittal of an offense where the factfinder at the first trial had the opportunity of finding the accused guilty of the lesser offense. This question has been recently answered by the Texas Court of Criminal Appeals. In *Granger v. State*, 850 S.W.2d 513, 515 (Tex.Crim.App.1993), the court considered whether the Double Jeopardy Clause of the Fifth Amendment bars a prosecution for murder when: (1) the accused was previously convicted of capital murder based on the same criminal transaction; (2) the conviction for capital murder was reversed on appeal due to the insufficiency of the evidence to prove the capital element; and (3) the jury charge at the capital murder trial included instructions on both capital murder and the lesser included offense of murder. The court concluded that a further prosecution for the lesser included offense of murder is not barred.

In this instant case, the attempted capital murder trial was to the court. It is axiomatic that the trial court has authority to find an accused guilty of a lesser included offense if it entertains any reasonable doubt that the accused is guilty of the greater offense. In other words, in Texas the trial court is not required to give itself a charge on the law applicable to an offense. It is presumed that all trial courts are aware of their authority to find an accused guilty of a lesser offense.

Also without doubt is the fact that the trial court had to find appellant guilty of attempted murder before finding him guilty of attempted capital murder in the original trial. Once again, we point out that appellant did not contest the facts showing his guilt of attempted murder. This is not a case where the State was overreaching by trying to get a conviction on the greater offense without giving the factfinder an opportunity to find the accused guilty of the lesser offense. Therefore, appellant is not entitled to relief based on double jeopardy. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.