**John Lee SHUTE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1132–93.**

Court of Criminal Appeals of Texas, En Banc.

June 1, 1994.

Ken J. McLean (court appointed), Roy G. Romo, of counsel, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Timothy G. Taft, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

Before the court en banc.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge.

Appellant was indicted for attempted capital murder. At a bench trial appellant stipulated to all of the facts necessary to prove he committed attempted murder, therefore, the only issue presented to the trial court was whether the victim was a peace officer in the lawful discharge of his duties. The trial judge found appellant guilty as charged.

The Houston Court of Appeals [14th District] reversed the conviction based upon insufficient evidence of the capital element. *Shute v. State*, 1989 WL 14123 (Tex.App.—Houston [14th Dist.], 1989) (nonpublished). Appellant was then indicted for attempted murder of the same victim arising out of the same incident. Appellant's pretrial application for writ of habeas corpus based upon a double jeopardy plea was denied by the trial court. On appeal, the Court of Appeals reversed. *Shute v. State*, 812 S.W.2d 61 (Tex. App.—Houston [14th Dist.] 1991).

Upon the State's petition for discretionary review, this Court remanded to the Court of Appeals for reconsideration in light of our holding in *Ex parte Granger*, 850 S.W.2d 513 (Tex.Cr.App.1993). The Court of Appeals then affirmed. *Shute v. State*, 858 S.W.2d 606 (Tex.App.—Houston [14th Dist.] 21993). We granted this petition for discretionary review in order to decide whether *Granger* allows prosecution for a lesser included offense following an appellate reversal of a bench trial conviction due to insufficient evidence when there was sufficient evidence to support a conviction for the lesser included offense. This is an issue of first impression which has not been settled by this Court. Tex.R.App.Pro. 200(c)(2). We will affirm.

Appellant argues that a retrial should not be allowed because in the first trial the prosecution failed to suggest to the trial court that proof as to the capital element might be lacking and this amounts to the functional equivalent of failing to seek a jury instruction on a lesser included offense. Appellant, therefore, contends that *Granger* is applicable, and he is twice put in jeopardy. The focus of *Granger* is on whether the trier of fact was authorized to find the defendant guilty of the lesser included offense in the first trial. *See Granger*, 850 S.W.2d at 519–20.

 In a bench trial, the prosecution is not required to submit a lesser included offense charge to the trial judge. The trial court is authorized to find the appellant guilty of any lesser offense for which the State provides the required proof. *Cunningham v. State*, 726 S.W.2d 151, 153 (Tex.Cr. App.1987); *Mello v. State*, 806 S.W.2d 875, 877 (Tex.App.—Eastland 1991). In finding the appellant guilty of attempted capital murder, the trial judge necessarily found the evidence sufficient to convict the appellant of the lesser included offense of attempted murder. Consistent with our decision in *Granger*, we then hold that the Double Jeopardy Clause does not prohibit a retrial for a lesser included offense when the first trial was before the court and there was sufficient evidence on which the trial court could have found the defendant guilty of the lesser offense.

The judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in the result.