PER CURIAM:
 

 Elwood Cluck appeals the order of the district court denying his motion to dismiss his indictment for bankruptcy fraud. Cluck asserts that the Double Jeopardy Clause bars prosecution of the indictment. For the reasons that follow, we AFFIRM the decision of the district court.
 

 BACKGROUND
 

 In March 1990, Appellant Cluck filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Shortly thereafter, the bankruptcy court entered a discharge order releasing Cluck from all dischargeable debts. Subsequently, the bankruptcy trustee filed a complaint requesting the bankruptcy court to revoke the discharge and to order Cluck to turnover assets. As grounds for relief, the trustee alleged Cluck failed to disclose and fraudulently transferred property and assets belonging to the estate, and that Cluck had failed to comply with discovery orders. The property claimed to have been undisclosed or transferred included several automobiles, an airplane, a boat, and accounts receivable from Cluck’s law practice.
 

 After an adversary hearing on the trustee’s complaint, the bankruptcy court revoked the discharge pursuant to 11 U.S.C. § 727(d)(2) & (3), and ordered Cluck to turnover various assets to the trustee. In so ordering, the court found that Cluck had failed to disclose property and assets; had made false statements in the bankruptcy schedules; had transferred property with the intent to defraud, hinder, or delay creditors; had transferred property as collateral for a
 
 *140
 
 loan; and had repeatedly disregarded court orders. The court further fined Cluck $1,000.00 for discovery violations. The bankruptcy court’s order was affirmed by this court.
 

 In March 1995, a criminal indictment was filed in federal court charging Cluck with bankruptcy fraud pursuant to 18 U.S.C. § 152. The indictment was based on essentially the same conduct that served as the basis for revocation of the discharge. Cluck moved to dismiss the indictment, asserting that the Double Jeopardy Clause barred the prosecution because the federal government had already punished him for bankruptcy fraud by revoking his discharge in bankruptcy. The district court denied Cluck’s motion, finding that the bankruptcy complaint and the criminal prosecution were not brought by the same sovereign and that revocation of a bankruptcy discharge does not implicate double jeopardy concerns. Cluck appeals the decision of the district court.
 

 DISCUSSION
 

 We review
 
 de novo,
 
 as a question of law, the constitutional issue of double jeopardy.
 
 United States v. Gonzales,
 
 40 F.3d 735, 737 (5th Cir.1994),
 
 cert. denied,
 
 — U.S. -, 115 S.Ct. 1716, 131 L.Ed.2d 575 (1995).
 

 The Double Jeopardy Clause of the Fifth Amendment provides that no person shall “be subject for the same offence to be twice put in jeopardy of life or limb.” U.S. CONST, amend. V. “[T]he Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.”
 
 United States v. Halper,
 
 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989).
 

 Central to finding a double jeopardy violation in this case is the establishment of multiple punishment.
 
 Halper,
 
 490 U.S. at 440-41, 109 S.Ct. at 1897-98. Cluck claims that his subsequent prosecution for bankruptcy fraud is barred because the revocation of his discharge in bankruptcy was punishment for the same offense, imposed by the same sovereign, in a separate proceeding. We disagree.
 

 The Bankruptcy Code provides the method by which debtors may “reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.”
 
 Grogan v. Garner,
 
 498 U.S. 279, 286, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (internal quotations and citation omitted). This “fresh start” policy, however, requires that the debtor honestly comply with the requirements of the Code.
 
 Id.
 
 at 286-87, 111 S.Ct. at 659;
 
 Pugh v. ADCO, Inc.,
 
 329 F.2d 362, 365 (5th Cir.1964);
 
 see
 
 11 U.S.C.A. § 727(a). If the debtor fails to comply with the requirements of the Code, the discharge may either be denied or revoked. 11 U.S.C.A. § 727(a), (d) & (e). Revocation of discharge, therefore, occurs because of a failure to comply with the requirements of the Code which would have otherwise entitled the debtor to discharge.
 
 In re Grimes,
 
 58 B.R. 368, 370-71 (Bankr.W.D.La.1986) (relief to honest debtor’s liberally granted).
 

 Cluck’s discharge was revoked for failure to comply with the requirements of the Code. “The right to a discharge in bankruptcy is addressed to the sound discretion of the bankruptcy court, and appellate courts should interfere only for the most cogent, compelling reasons in situations of gross abuse.”
 
 In re Jones,
 
 490 F.2d 452, 455 (5th Cir.1974). We see no reason to interfere in this case. Cluck was not entitled to discharge, and therefore, the subsequent revocation of the discharge does not constitute punishment for purposes of double jeopardy.
 
 See In re Chaplin,
 
 179 B.R. 123, 128 (Bankr.E.D.Wis.1995) (denial of discharge to individual convicted of bankruptcy crimes does not implicate Double Jeopardy Clause);
 
 cf. United States v. Randy,
 
 81 F.3d 65, 69 (7th Cir.1996) (involuntary bankruptcy brought by defendant’s creditors was not punishment for double jeopardy purposes);
 
 United States v. Stoller,
 
 78 F.3d 710 (1st Cir.1996) (held that a FDIC’s disbarment order was not punishment for double jeopardy purposes);
 
 Bae v. Shalala,
 
 44 F.3d 489 (7th Cir.1995) (FDA order barring Appellant from providing services to persons with approved or pending FDA drug product applications was not pun
 
 *141
 
 ishment under the Ex Post Facto Clause);
 
 United States v. Hudson,
 
 14 F.3d 536 (10th Cir.1994) (nonparticipation sanctions imposed by the Comptroller of Currency are not punishment for Double Jeopardy purposes). The district court properly denied Cluck’s motion to dismiss.
 
 [1]
 

 Because we conclude that revocation of discharge is not “punishment” for purposes of the double jeopardy clause; it is unnecessary to decide whether the “same sovereign” was involved and whether the elements of the “offenses” are the same.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 

 [1]
 

 . Cluck contends that this court's decision in
 
 Pugh v. ADCO, Inc.,
 
 329 F.2d 362 (5th Cir.1964) establishes that revocation of discharge is punishment for Double Jeopardy purposes. In
 
 Pugh,
 
 C.B. Pugh, the president and principal shareholder of a corporation filed for personal bankruptcy. Shortly thereafter, an involuntary petition for bankruptcy was filed against Pugh's corporation. ADCO, a personal creditor of Pugh's, objected to Pugh’s application for discharge asserting in part that Pugh's conviction for violating section 152 barred discharge. Pugh claimed that the convictions only barred the discharge of the corporation, and not him personally. In affirming the denial of discharge to Pugh personally, the court stated:
 

 The question of discharge is not one related solely to creditors in general, but also involves •public policy. A discharge is granted to an honest debtor in order that he may reinstate himself in the business world; it is refused to the dishonest bankrupt as a punishment for his fraud and to prevent its continuance in the future.
 

 Id.
 
 at 365. This statement relates to the "fresh start” policy of the Bankruptcy Code, and does not refer to punishment for purposes of Double Jeopardy.