United States Court of Appeals,

Fifth Circuit.

No. 96-20194.

John Lee SHUTE, Petitioner-Appellant,

v.

STATE OF TEXAS and Tommy Thomas, Respondents-Appellees.

May 29, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before REYNALDO G. GARZA, SMITH and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

John Shute was indicted for a lesser included offense after a conviction on the greater offense was reversed for insufficient evidence of an aggravating element. The district court concluded that the later indictment did not violate the Double Jeopardy Clause of the Fifth Amendment and denied a writ of habeas corpus. We affirm.

I.

In 1983, William Hill, a security officer for a public school district, responded to a possible burglary at an elementary school. He did not discover any criminal activity but saw Shute and two other persons standing across the street, even though it was past 2:00 a.m. Hill offered the men a ride home, and they accepted.

During the ride, Shute pulled out a gun, threatened to kill Hill, and ordered him to drive to a certain place. When they arrived, Shute ordered Hill out of the car, then shot him in the neck. Hill survived the attack.

II.

The state indicted Shute for attempted capital murder (the "First Indictment"). This crime consists of all the elements of attempted murder plus the following: (1) The victim was a "peace officer"; (2) t he victim was engaged in his official duty at the time of the attack; and (3) the defendant knew the victim was a peace officer. TEX. PENAL CODE ANN. § 19.03(a)(1) (Vernon 1994)

(defining capital murder).

Shute stipulated to his guilt of attempted murder but contested the additional elements. He waived his right to a jury trial and was convicted and sentenced in state court.

The state court of appeals reversed, holding that the state had provided insufficient evidence that Hill was engaged in his official duty, as he was acting as a private security guard and not as a peace officer. *See Shute v. Texas,* No. C14-88-00630-CR, 1989 WL 14123, at *2 (Tex.App.—Houston [14th Dist.], Feb. 23, 1989, writ ref'd).

The state then indicted Shute for ordinary attempted murder (the "Second Indictment"). The state trial court denied Shute's habeas petition that was based on double jeopardy grounds, but the court of appeals granted relief. *See Shute v. Texas,* 812 S.W.2d 61 (Tex.App.—Houston [14th Dist.] 1991). The Court of Criminal Appeals vacated and remanded for reconsideration in light of *Ex parte Granger,* 850 S.W.2d 513 (Tex.Crim.App.1993). *See Shute v. Texas,* 857 S.W.2d 55 (Tex.Crim.App.1993).

On remand, the court of appeals affirmed the denial of habeas relief. *See Shute v. Texas,* 858 S.W.2d 606 (Tex.App.—Houston [14th Dist.] 1993) ("*Shute IV* "). The Court of Criminal Appeals accepted review again and affirmed. *See Shute v. Texas,* 877 S.W.2d 314 (Tex.Crim.App.1994) ("*Shute V* ").

Shute then filed a habeas petition in federal court. The district court denied relief, and we granted Shute a certificate of appealability ("COA") on August 2, 1996.[1]

In the meantime, the indictment against Shute was dismissed for technical reasons. The state secured a new indictment for attempted murder (the "Third Indictment"). Shute pleaded guilty and was sentenced. He has appealed that conviction in state court on the ground that collateral estoppel bars a deadly-weapon finding.

---

[1]Under the recent amendments to the federal habeas statute, *see* Antiterrorism and Effective Death Penalty Act of 1996, § 102, Pub.L. No. 104-132, 110 Stat. 1214, 1217-18 (1996) ("AEDPA") (to be codified at 28 U.S.C. § 2253), a habeas petitioner must receive a COA to appeal a denial of habeas relief. This requirement applies to petitioners who, like Shute, had a request for a certificate of probable cause pending on April 24, 1996, the effective date of the AEDPA. *See Drinkard v. Johnson,* 97 F.3d 751, 755-56 (5th Cir.1996), *cert. denied,* --- U.S. --- -, 117 S.Ct. 1114, --- L.Ed.2d ---- (1997).

## III.

At the outset, we *sua sponte* examine whether this matter is moot. The cornerstone of the mootness doctrine is that a controversy must be live and ongoing throughout its adjudication, which means that it must "touch the legal relations of parties having adverse legal interests" in the outcome of the case. *DeFunis v. Odegaard,* 416 U.S. 312, 317, 94 S.Ct. 1704, 1706, 40 L.Ed.2d 164 (1974) (per curiam) (internal quotation marks omitted) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)).

In federal court, Shute sought a writ of habeas corpus on double jeopardy grounds. This entailed two requests: (1) an order of release from custody and (2) an injunction against state prosecution. *See Showery v. Samaniego,* 814 F.2d 200, 201 n. 5 (5th Cir.1987). Thus, he sought both immediate and future relief.

The dismissal of the Second Indictment did not render the controversy moot. "Jurisdiction over a plaintiff's claims for future relief is appropriate only if a reasonable likelihood exists that *the plaintiff* will again be subjected to the allegedly unconstitutional actions." *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 n. 3 (5th Cir.1996) (citing *Honig v. Doe,* 484 U.S. 305, 317-18, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988)). Because the state sought a new indictment, Shute was likely to be subjected to the same actions.

Once the state secured the Third Indictment, both forms of requested relief were live again. Shute still wanted release from custody and still wanted an injunction against prosecution. Although any state prosecution would be under a different indictment from the one attacked before the district court, this cannot make a difference. If the district court had granted the injunction against state prosecution under the Second Indictment, prosecution under the Third Indictment would be barred as well. Otherwise, the state always could defeat a federal double jeopardy habeas ruling by dismissing an indictment and immediately securing an identical one.

Shute's request for injunctive relief no longer is live, as he has pleaded guilty to the charge in the Third Indictment and, therefore, there is no prosecution to enjoin. His request for relief from custody, however, remains a live controversy as long as he is imprisoned.

## IV.

Title 28 U.S.C. § 2254(b)-(c) requires a state prisoner to exhaust available state remedies before seeking federal habeas relief. Under the recent amendments to the habeas statute, *see* AEDPA, § 104,[2] the exhaust ion requirement is waived not implicitly but only when "the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(b)(3).

To exhaust available state remedies, a habeas petitioner "must fairly apprise the highest court of his state of the federal rights which were allegedly violated." *Deters v. Collins,* 985 F.2d 789, 795 (5th Cir.1993). When a state prisoner properly presents his federal claim to the highest state court on direct review, he need not ask for state collateral relief on the same ground and on the same evidence. *See Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir.1995); *Myers v. Collins,* 919 F.2d 1074, 1075-77 (5th Cir.1990).

Shute sought a pre-trial state habeas writ, raising his double jeopardy claim. *See Ex parte Rathmell,* 717 S.W.2d 33, 34 (Tex.Crim.App.1986) (stating that a pre-trial habeas petition is the appropriate vehicle by which to review a double jeopardy claim). His double jeopardy claim has been before the Texas Court of Criminal Appeals twice. So, he need not raise it on direct appeal and is not barred from relief by the exhaustion doctrine.[3]

## V.

## A.

---

[2]The new standards of review contained in § 104 of the AEDPA and codified at 28 U.S.C. § 2254(d) do not have retroactive effect and thus apply to all habeas petitions pending on April 24, 1996. *See Drinkard,* 97 F.3d at 764-66. The same reasoning should apply to the AEDPA's amendments to 28 U.S.C. § 2254(b). Under the old law, a state could waive exhaustion implicitly, but we had the discretion to refuse that waiver and apply the exhaustion requirement *sua sponte. See Graham v. Johnson,* 94 F.3d 958, 970 (5th Cir.1996) (per curiam); *McGee v. Estelle,* 722 F.2d 1206, 1214 (5th Cir.1984) (en banc). Therefore, a habeas petitioner could not have relied on the old exhaustion rule "in making strategic, tactical, or other decisions during the state court litigation." *Drinkard,* 97 F.3d at 766. The new exhaustion requirement has no retroactive effect and must be applied to all pending habeas petitions.

[3]For the first time at oral argument, the state argued that habeas relief is barred because the county transferred Shute from the custody of the Harris County sheriff to the custody of the State of Texas while this appeal was pending. Even aside from the fact that the state is a respondent in this action and was served with process, the state cannot defeat federal habeas review merely by unilaterally transferring the prisoner to the custody of another state actor.

Although a defendant who pleads guilty ordinarily may not challenge his conviction on collateral review, *see Taylor v. Whitley,* 933 F.2d 325, 327 (5th Cir.1991), he may do so when "the indictment was facially duplicative of the earlier offense of which the defendant had been [tried]...." *United States v. Broce,* 488 U.S. 563, 575, 109 S.Ct. 757, 765, 102 L.Ed.2d 927 (1989); *accord Taylor,* 933 F.2d at 327. This is true even when he pleaded guilty after first raising his double jeopardy argument. *See Menna v. New York,* 423 U.S. 61, 61-62, 96 S.Ct. 241, 241-42, 46 L.Ed.2d 195 (1975) (per curiam).

Unfortunately, the record on appeal does not include any of the three indictments.[4] The Texas courts have held that the Second Indictment alleges a lesser included offense of the First Indictment. *See Shute IV,* 858 S.W.2d at 608. Neither party has argued that there is any substantive difference between the Second and Third Indictments, so we treat the Third Indictment, under which Shute was sentenced, as alleging a lesser included offense of the crime charged in the First Indictment.

## B.

### 1.

Outside the context of habeas review, a double jeopardy claim is a question of law reviewed *de novo. See United States v. Cluck,* 87 F.3d 138, 140 (5th Cir.1996) (per curiam). Shute's claim, however, was adjudicated on the merits in the Texas courts. According to 28 U.S.C. § 2254(d)(1),

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States....

The "contrary to" prong of 28 U.S.C. § 2254(d)(1) applies to questions of law. *See, e.g., Blankenship v. Johnson,* 106 F.3d 1202, 1205 n. 4 (5th Cir.1997); *Lockhart v. Johnson,* 104 F.3d 54, 57 (5th Cir.1997); *Drinkard,* 97 F.3d at 768.

In regard to Shute, the Texas courts ruled that the Double Jeopardy Clause does not bar the

---

[4]The district court ordered the state to provide copies of the indictments with its answer, but the state filed a motion to dismiss instead of an answer.

trial, for a lesser included offense, of a criminal defendant whose conviction of a greater offense was reversed for insufficient evidence of one of the aggravating elements. The operative question is whether this resolution is contrary to clearly established Supreme Court precedent.

First, we must decide what constitutes "clearly established Federal law, as determined by the Supreme Court." Second, we must determine whether Texas's adjudication of Shute's claim was contrary to that law.

2.

Generally, if a defendant obtains a reversal of his conviction, double jeopardy does not bar a retrial. *See United States v. Ball,* 163 U.S. 662, 671-72, 16 S.Ct. 1192, 1195-96, 41 L.Ed. 300 (1896). If the conviction is reversed for insufficient evidence of guilt, however, double jeopardy does bar retrial. *See Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978). This is because a finding of insufficient evidence of guilt means that the trial court should have entered a judgment of acquittal, which would have barred retrial. *See id.* at 11, 98 S.Ct. at 2147.

For double jeopardy purposes, a lesser included offense is considered to be the same crime as the greater offense. *See Harris v. Oklahoma,* 433 U.S. 682, 682-83, 97 S.Ct. 2912, 2912-13, 53 L.Ed.2d 1054 (1977) (per curiam). Therefore, had the trier of fact simply acquitted Shute of attempted capital murder, the state could not prosecute him for attempted murder. In analyzing the particular double jeopardy question presented, however, it is important to examine the various possibilities.

If the trier of fact had found that Shute lacked intent, it necessarily would have acquitted him of both attempted capital murder and attempted murder, as the lack of that element negates both crimes. Similarly, if the court had found insufficient evidence that Shute had intent, it would have entered an acquittal for both crimes. Thus, an appellate judgment of insufficient evidence on the intent element would require an acquittal on both counts and would bar retrial.

If, on the other hand, the trier of fact had found all elements except the official duty element, it would have acquitted Shute of attempted capital murder and convicted him of attempted murder. Similarly, if the court had found insufficient evidence of the official duty element, it would have

acquitted on attempted capital murder but would have allowed the trier of fact to consider the crime of attempted murder. Under this scenario, the trier of fact would have convicted Shute of the attempted murder. Because an appellate judgment of insufficient evidence on a particular element is the equivalent of a trial court judgment of insufficient evidence, *see Burks,* 437 U.S. at 11, 98 S.Ct. at 2147, the same result should occur when the appellate court finds insufficient evidence.

The wrinkle arises from the state appellate court's resolution of this case. The court entered an acquittal for attempted capital murder but did not enter a conviction for the crime of attempted murder, even though the trier of fact had found all the elements of that crime beyond a reasonable doubt.[5]

Faced with the aforementioned Supreme Court precedent, a reasonable jurist could conclude that the Double Jeopardy Clause allows retrial in this situation.[6] Our confidence in this result is buttressed by the Eleventh Circuit's approval of retrial in this circumstance:

> Moreover, this is not a case in which the State was presented with multiple opportunities to convict and punish an individual for a single offense; rather, quite the opposite is true. At his request, [the defendant] was given another chance to rebut the State's evidence that he committed the [lesser included offense] even though the State had already obtained a conviction for that offense.

*Beverly v. Jones,* 854 F.2d 412, 415 (11th Cir.1988).[7]

3.

---

[5]*See United States v. Skipper,* 74 F.3d 608, 611-12 (5th Cir.1996) (stating that, in the federal system, the appellate court may direct a conviction on the lesser included offense if it finds insufficient evidence of one of the extra elements); *see also Dickenson v. Israel,* 644 F.2d 308, 309 (7th Cir.1981) (per curiam) (stating that a state may do the same).

[6]*See Blankenship,* 106 F.3d at 1206 (stating that, where reasonable jurists could differ, there is no clearly established law); *cf. Mata v. Johnson,* 99 F.3d 1261, 1268 (5th Cir.1996) ("[A] reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent."), *modified in part on other grounds,* 105 F.3d 209 (5th Cir.1997) (per curiam).

[7]Although no other circuit has addressed this issue, the Ninth Circuit has confronted a similar question. The jury, which was instructed on various lesser included offenses, acquitted on first degree murder but deadlocked on the lesser included offenses. *See United States v. Gooday,* 714 F.2d 80, 81 (9th Cir.1983). The court held that double jeopardy did not bar retrial on the lesser included offenses. *See id.* at 83. *Gooday* is a stronger case for a double jeopardy bar than is *Beverly* or the instant case, as Gooday never was convicted of anything, while Beverly and Shute were found guilty beyond a reasonable doubt of every element of the lesser included offense.

Texas has adopted the rule that, if the state did not request or receive an instruction on the lesser included offense at the first trial, it is deemed to have abandoned the lesser included offense and may not try the defendant again. *See Stephens v. Texas,* 806 S.W.2d 812, 817 (Tex.Crim.App.1990). If the state requested or received such an instruction, however, it may reprosecute on the lesser included offense. *See Granger,* 850 S.W.2d at 520.[8]

As explained above, the Supreme Court has not clearly established that retrial is barred in this situation. Accordingly, Texas's rule is not "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States...." 28 U.S.C. § 2254(d)(1). The judgment, accordingly, is AFFIRMED.

---

[8]Because Shute was tried without a jury, there were no jury instructions, and the judge was authorized to convict on a lesser included offense. *See Cunningham v. Texas,* 726 S.W.2d 151, 153 (Tex.Crim.App.1987). Under such circumstances, the prosecution is not required to seek any instructions. *See Shute V,* 877 S.W.2d at 315.