**REVISED**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-20194

_____


JOHN LEE SHUTE,

Petitioner-Appellant,

VERSUS

STATE OF TEXAS
and
TOMMY THOMAS,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas

_____

July 3, 1997

ON REHEARING


Before REYNALDO G. GARZA, SMITH, and EMILIO M. GARZA, Circuit Judges.


JERRY E. SMITH, Circuit Judge:


Since the panel opinion was issued in this case, *see Shute v. Texas*, 113 F.3d 56 (5th Cir. 1997), the Supreme Court has held §§ 101-106 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1217-21

(1996) (codified at 28 U.S.C. §§ 2244, 2253-2254), inapplicable to non-capital habeas corpus petitions filed before the act's effective date of April 24, 1996. *See Lindh v. Murphy*, No. 96-6298, 65 U.S.L.W. 4557 (U.S. June 23, 1997). As petitioner's habeas petition pre-dated the act, he is not subject to it. Although we reach the same result now as we did under the AEDPA, *Lindh* substantially changes our reasoning. Accordingly, we *sua sponte* withdraw our prior opinion and substitute the following:

John Shute was indicted for a lesser included offense after a conviction on the greater offense was reversed for insufficient evidence of an aggravating element. The district court concluded that the later indictment did not violate the Double Jeopardy Clause of the Fifth Amendment and denied a writ of habeas corpus. We affirm.

I.

In 1983, William Hill, a security officer for a public school district, responded to a possible burglary at an elementary school. He did not discover any criminal activity but saw Shute and two other persons standing across the street, even though it was past 2:00 a.m. Hill offered the men a ride home, and they accepted.

During the ride, Shute pulled out a gun, threatened to kill

Hill, and ordered him to drive to a certain place. When they arrived, Shute ordered Hill out of the car, then shot him in the neck. Hill survived the attack.

## II.

The state indicted Shute for attempted capital murder (the "First Indictment"). This crime consists of all the elements of attempted murder plus the following: (1) The victim was a "peace officer"; (2) the victim was engaged in his official duty at the time of the attack; and (3) the defendant knew the victim was a peace officer. TEX. PEN. CODE ANN. § 19.03(a)(1) (Vernon 1994) (defining capital murder).

Shute stipulated to his guilt of attempted murder but contested the additional elements. He waived his right to a jury trial and was convicted and sentenced in state court.

The state court of appeals reversed, holding that the state had provided insufficient evidence that Hill was engaged in his official duty, as he was acting as a private security guard and not as a peace officer. *See Shute v. Texas*, No. C14-88-00630-CR, 1989 WL 14123, at *2 (Tex. App.SSHouston [14th Dist.] Feb. 23, 1989, writ ref'd) (not designated for publication).

The state then indicted Shute for ordinary attempted murder (the "Second Indictment"). The state trial court denied Shute's

3

habeas petition that was based on double jeopardy grounds, but the court of appeals granted relief. *See Shute v. Texas*, 812 S.W.2d 61 (Tex. App.SSHouston [14th Dist.] 1991). The Court of Criminal Appeals vacated and remanded for reconsideration in light of *Ex parte Granger*, 850 S.W.2d 513 (Tex. Crim. App. 1993) (en banc). *See Shute v. Texas*, 857 S.W.2d 55 (Tex. Crim. App. 1993).

On remand, the court of appeals affirmed the denial of habeas relief. *See Shute v. Texas*, 858 S.W.2d 606 (Tex. App.SSHouston [14th Dist.] 1993) ("*Shute IV*"). The Court of Criminal Appeals accepted review again and affirmed. *See Shute v. Texas*, 877 S.W.2d 314 (Tex. Crim. App. 1994) (en banc) ("*Shute V*").

Shute then filed a habeas petition in federal court. The district court denied relief, and we granted Shute a certificate of probable cause to appeal ("CPC") on August 2, 1996.[1]

In the meantime, the indictment against Shute was dismissed

---

Section 102 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1217-18 (1996) (codified at 28 U.S.C. § 2253), amended 28 U.S.C. § 2253 to require a certificate of appealability ("COA") before a final order in a habeas proceeding can be appealed. In *Drinkard v. Johnson*, 97 F.3d 751, 755-56 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1114 (1997), we held that this requirement applies to a habeas petitioner who, like Shute, had a request for a CPC pending on April 24, 1996, the effective date of the AEDPA.

Recently, the Supreme Court has decided that "the amendments to chapter 153" apply only "to such cases as were filed after the statute's enactment." *Lindh v. Murphy*, No. 96-6298, 65 U.S.L.W. 4557, 4558 (U.S. June 23, 1997). As § 2253 is a part of chapter 153, *Lindh* effectively overrules *Drinkard* on this point. Because Shute filed his non-capital habeas petition well before April 24, 1996, none of the AEDPA's requirements apply to him.

We granted Shute both a CPC and a COA. The CPC is sufficient to vest jurisdiction in this court.

4

for technical reasons. The state secured a new indictment for attempted murder (the "Third Indictment"). Shute pleaded guilty and was sentenced. He appealed that conviction in state court on the ground that collateral estoppel bars a deadly-weapon finding. That appeal was denied. *See Shute v. Texas*, 945 S.W.2d 230 (Tex. App.SSHouston [1st Dist.] 1997, pet. filed).

### III.

At the outset, we *sua sponte* examine whether this matter is moot. The cornerstone of the mootness doctrine is that a controversy must be live and ongoing throughout its adjudication, which means that it must "touch[] the legal relations of parties having adverse legal interests" in the outcome of the case. *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974) (per curiam) (internal quotation marks omitted) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

In federal court, Shute sought a writ of habeas corpus on double jeopardy grounds. This entailed two requests: (1) an order of release from custody and (2) an injunction against state prosecution. *See Showery v. Samaniego*, 814 F.2d 200, 201 n.5 (5th Cir. 1987). Thus, he sought both immediate and future relief.

The dismissal of the Second Indictment did not render the controversy moot. "Jurisdiction over a plaintiff's claims for

5

future relief is appropriate only if a reasonable likelihood exists that *the plaintiff* will again be subjected to the allegedly unconstitutional actions." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) (citing *Honig v. Doe*, 484 U.S. 305, 317-18 (1988)). Because the state sought a new indictment, Shute was likely to be subjected to the same actions.

Once the state secured the Third Indictment, both forms of requested relief were live again. Shute still wanted release from custody and still wanted an injunction against prosecution. Although any state prosecution would be under a different indictment from the one attacked before the district court, this cannot make a difference. If the district court had granted the injunction against state prosecution under the Second Indictment, prosecution under the Third Indictment would be barred as well. Otherwise, the state always could defeat a federal double jeopardy habeas ruling by dismissing an indictment and immediately securing an identical one.

Shute's request for injunctive relief no longer is live, as he has pleaded guilty to the charge in the Third Indictment and, therefore, there is no prosecution to enjoin. His request for relief from custody, however, remains a live controversy as long as he is imprisoned.

IV.

6

Title 28 U.S.C. § 2254(b)-(c) requires a state prisoner to exhaust available state remedies before seeking federal habeas relief. The state has not raised exhaustion, but we have the discretion to refuse the implicit waiver and apply the exhaustion requirement *sua sponte*. *See Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996) (per curiam); *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

To exhaust available state remedies, a habeas petitioner "must fairly apprise the highest court of his state of the federal rights which were allegedly violated." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). When a state prisoner properly presents his federal claim to the highest state court on direct review, he need not ask for state collateral relief on the same ground and on the same evidence. *See Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995); *Myers v. Collins*, 919 F.2d 1074, 1075-77 (5th Cir. 1990).

Shute sought a pre-trial state habeas writ, raising his double jeopardy claim. *See Ex parte Rathmell*, 717 S.W.2d 33, 34 (Tex. Crim. App. 1986) (en banc) (stating that a pre-trial habeas petition is the appropriate vehicle by which to review a double jeopardy claim). His double jeopardy claim has been before the Texas Court of Criminal Appeals twice. So, he need not raise it on direct appeal and is not barred from relief by the exhaustion

7

doctrine.[2]

V.

A.

Although a defendant who pleads guilty ordinarily may not challenge his conviction on collateral review, *see Taylor v. Whitley*, 933 F.2d 325, 327 (5th Cir. 1991), he may do so when "the indictment was facially duplicative of the earlier offense of which the defendant had been [tried] . . . ." *United States v. Broce*, 488 U.S. 563, 575 (1989); *accord Taylor*, 933 F.2d at 327. This is true even when he pleaded guilty after first raising his double jeopardy argument. *See Menna v. New York*, 423 U.S. 61, 61-62 (1975) (per curiam).

Unfortunately, the record on appeal does not include any of the three indictments.[3] The Texas courts have held that the Second Indictment alleges a lesser included offense of the First

_____

For the first time at oral argument, the state argued that habeas relief is barred because the county transferred Shute from the custody of the Harris County sheriff to the custody of the State of Texas while this appeal was pending. Even aside from the fact that the state is a respondent in this action and was served with process, the state cannot defeat federal habeas review merely by unilaterally transferring the prisoner to the custody of another state actor. *See Schultz v. United States*, 373 F.2d 524, 524 (5th Cir. 1967) (per curiam) ("We think it clear that such a transfer cannot divest this court of jurisdiction to review the denial of appellant's petition."); *cf.* FED. R. APP. P. 23(a) ("Pending review of a decision in a habeas corpus proceeding commenced before a court, justice or judge of the United States for the release of a prisoner, a person having custody of the prisoner shall not transfer custody to another unless such transfer is directed in accordance with the provision of this rule.").

The district court ordered the state to provide copies of the indictments with its answer, but the state filed a motion to dismiss instead of an answer.

Indictment.  *See Shute IV*, 858 S.W.2d at 608.  Neither party has argued that there is any substantive difference between the Second and Third Indictments, so we treat the Third Indictment, under which Shute was sentenced, as alleging a lesser included offense of the crime charged in the First Indictment.

B.

1.

A double jeopardy claim is a question of law.  *See United States v. Cluck*, 87 F.3d 138, 140 (5th Cir. 1996) (per curiam).  In a habeas context, we review the district court's determinations of law *de novo*.  *See Dison v. Whitley*, 20 F.3d 185, 186 (5th Cir. 1994).

Generally, if a defendant obtains a reversal of his conviction, double jeopardy does not bar a retrial.  *See United States v. Ball*, 163 U.S. 662, 671-72 (1896).  If the conviction is reversed for insufficient evidence of guilt, however, double jeopardy does bar retrial.  *See Burks v. United States*, 437 U.S. 1, 18 (1978).  This is because a finding of insufficient evidence of guilt means that the trial court should have entered a judgment of acquittal, which would have barred retrial.  *See id*. at 11.[4]

For double jeopardy purposes, a lesser included offense is

---

    [4] This principle applies to state as well as federal prosecutions.  *See Hudson v. Louisiana*, 450 U.S. 40, 42 n.3 (1981).

considered to be the same crime as the greater offense.  *See Harris v. Oklahoma*, 433 U.S. 682, 682-83 (1977) (per curiam).  Therefore, had the trier of fact simply acquitted Shute of attempted capital murder, the state could not prosecute him for attempted murder.  In analyzing the particular double jeopardy question presented, however, it is important to examine the various possibilities.

If the trier of fact had found that Shute lacked intent, it necessarily would have acquitted him of both attempted capital murder and attempted murder, as the lack of that element negates both crimes.  Similarly, if the court had found insufficient evidence that Shute had intent, it would have entered an acquittal for both crimes.  Thus, an appellate judgment of insufficient evidence on the intent element would require an acquittal on both counts and would bar retrial.

If, on the other hand, the trier of fact had found all elements except the official duty element, it would have acquitted Shute of attempted capital murder and convicted him of attempted murder.  Similarly, if the court had found insufficient evidence of the official duty element, it would have acquitted on attempted capital murder but would have allowed the trier of fact to consider the crime of attempted murder.  Under this scenario, the trier of fact would have convicted Shute of the attempted murder.  Because an appellate judgment of insufficient evidence on a particular element is the equivalent of a trial court judgment of insufficient

10

evidence, *see Burks*, 437 U.S. at 11, the same result should occur when the appellate court finds insufficient evidence.[5]

The wrinkle arises from the state appellate court's resolution of this case. The court entered an acquittal for attempted capital murder but did not enter a conviction for the crime of attempted murder, even though the trier of fact had found all the elements of that crime beyond a reasonable doubt.[6]

2.

The Eleventh Circuit has addressed this very issue and found that the Double Jeopardy Clause does not bar retrial. *See Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988). The court reasoned that, because the state appellate court could have imposed a conviction on the defendant, it had the power to give him another chance at acquittal:

Moreover, this is not a case in which the State was

---

*See United States v. Skipper*, 74 F.3d 608, 611-12 (5th Cir. 1996) (stating that, in the federal system, the appellate court may direct a conviction on the lesser included offense if it finds insufficient evidence of one of the extra elements)*; see also Dickenson v. Israel*, 644 F.2d 308, 309 (7th Cir. 1981) (per curiam) (stating that a state may do the same).

Texas follows the rule that, if the state did not request or receive an instruction on the lesser included offense at the first trial, it is deemed to have abandoned the lesser included offense and may not try the defendant again. *See Stephens v. Texas*, 806 S.W.2d 812, 817-18 (Tex. Crim. App. 1990) (en banc). If the state requested or received such an instruction, however, it may re-prosecute on the lesser included offense. *See Granger*, 850 S.W.2d at 520. Because Shute was tried without a jury, there were no jury instructions, and the judge was authorized to convict on a lesser included offense. *See Cunningham v. Texas*, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987) (en banc). Under such circumstances, the prosecution is not required to seek any instructions. *See Shute V*, 877 S.W.2d at 315.

11

> presented with multiple opportunities to convict and
> punish an individual for a single offense; rather, quite
> the opposite is true. At his request, [the defendant]
> was given another chance to rebut the State's evidence
> that he committed the [lesser included offense] even
> though the State had already obtained a conviction for
> that offense.

*Id.* at 415.[7]

We agree with the Eleventh Circuit's cogent analysis. Even though Shute stipulated to the elements of attempted murder at his first trial, the state took upon itself the burden of proving those elements at retrial. The state had no obligation to grant Shute an opportunity to obtain an acquittal for a crime of which he already had been convicted. Shute cannot complain now of this act of judicial grace.

AFFIRMED.

---

Although no other circuit has addressed this issue, the Ninth Circuit has confronted a similar question. The jury, which was instructed on various lesser included offenses, acquitted on first degree murder but deadlocked on the lesser included offenses. *See United States v. Gooday*, 714 F.2d 80, 81 (9th Cir. 1983). The court held that double jeopardy did not bar retrial on the lesser included offenses. *See id.* at 83. *Gooday* is a stronger case for a double jeopardy bar than is *Beverly* or the instant case, as Gooday never was convicted of anything, while Beverly and Shute were found guilty beyond a reasonable doubt of every element of the lesser included offense.