United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30671
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDA FAYE HAWKINS SMITH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-30044-2
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Linda Faye Hawkins Smith appeals the sentence imposed by the district court after she pleaded guilty to conspiracy to possess with intent to distribute five or more grams of cocaine base. She argues that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the district court erred in holding her responsible for a larger amount of cocaine base for relevant conduct purposes than the amount alleged in the indictment and found by the jury in her first trial. She acknowledges that this argument is foreclosed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by United States v. Doggett, 230 F.3d 160 (5th Cir. 2000), but she states that she is raising it to preserve it for possible Supreme Court review. Apprendi does not invalidate a sentencing court's factual findings concerning drug quantity for the purposes of determining the applicable Sentencing Guidelines in cases where those findings cause a defendant's guideline range to shift within the statutory range. Doggett, 230 F.3d at 266; United States v. Randle, 304 F.3d 373, 378 (5th Cir. 2002), cert. denied, 123 S. Ct. 1748 (2003).

Smith also argues that under the Double Jeopardy Clause, she cannot be held responsible for a drug quantity greater than the amount found by the jury in the first trial. Double jeopardy did not bar retrial in this case because Smith's first conviction was reversed due to a due process violation, and not due to insufficient evidence. See Burks v. United States, 437 U.S. 1, 15-17 (1978); Shute v. State of Texas, 117 F.3d 233, 238 (5th Cir. 1997).

AFFIRMED.