TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00237-CR






Jimmy Leach, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 98-1012-K368, HONORABLE BURT CARNES, JUDGE PRESIDING







 Jimmy Leach was charged with the third-degree felony offense of possession of a
controlled substance, to-wit, amphetamine, in an amount of one gram or more but less than four
grams. See Tex. Health & Safety Code Ann. § 481.116 (West & Supp. 2000). After waiving his
right to a jury trial, appellant was tried and found guilty of the lesser included state jail felony
offense of possession of a controlled substance of less than one gram. The trial court sentenced
appellant to two years in the state jail. In his first six points of error, appellant challenges the
denial of his motion to suppress, asserting that the evidence used against him at trial was illegally
obtained. Appellant's final point of error claims that the evidence produced at trial was factually
insufficient to support his conviction. We will overrule appellant's points of error and affirm the
judgment of the trial court.



FACTUAL BACKGROUND

 While Officer Steve Clayton of the Round Rock Police Department was driving
northbound on Interstate Highway 35 on October 23, 1998, at approximately 9:50 a.m., he
observed a registration sticker taped to the windshield of a car driven by appellant. Clayton,
driving behind appellant, called dispatch and ran a check on the license plate. The dispatcher
advised Clayton that the vehicle registration had expired in June of 1996. Clayton then stopped
appellant.

 Clayton asked appellant to step out of the car and had the dispatcher check
appellant's driver's license for outstanding warrants. The dispatcher informed Clayton that there
were no outstanding warrants. Clayton examined the registration sticker on the vehicle's
windshield and determined that it was, in fact, valid. Clayton then asked for and received
permission to search appellant's vehicle. The record does not indicate precisely when the request
to search the vehicle was made and when the consent was given. During the search, Clayton
discovered a small amount of methamphetamine in a cassette case with appellant's name on it on
the floorboard of the vehicle. Clayton placed appellant under arrest and read him his Miranda
warnings. During questioning by Clayton, appellant admitted that the amphetamine was his.


DISCUSSION

Motion to Suppress

 In his brief, appellant complains that the evidence and statements in the case were
obtained in violation of article I, section 9 of the Texas Constitution, article 38.23 of the Texas
Code of Criminal Procedure, and the Fourth and Fourteenth Amendments to the United States
Constitution. See Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (West 1989);
U.S. Const. amends. IV & XIV. Appellant has provided no argument to this Court why he is
entitled to relief under the Code of Criminal Procedure. A point of error that is improperly
briefed presents nothing for review. Alvarado v. State, 912 S.W.2d 199, 210 (Tex. Crim. App.
1995). Also, appellant has cited no authority and made no argument regarding any distinction
between the protections of the state and federal constitutions on the issues involved in this case. 
See McCambridge v. State, 712 S.W.2d 499, 501-02 n.9 (Tex. Crim. App. 1986) (explaining that
counsel should carefully separate state and federal constitutional grounds). For these reasons, we
overrule points of error one, two, four, and five, which are based on state statutory and
constitutional law.

 We turn now to the merits of appellant's arguments under the Fourth Amendment
to the federal constitution. See U.S. Const. amend. IV. The standard for reviewing a trial court's
ruling on a motion to suppress was set forth by the Texas Court of Criminal Appeals in Guzman
v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997):


[A]s a general rule, the appellate courts . . . should afford almost total deference
to a trial court's determination of the historical facts that the record supports
especially when the trial court's fact findings are based on an evaluation of
credibility and demeanor. The appellate courts . . . should afford the same amount
of deference to trial courts' rulings on "application of law to fact questions," also
known as "mixed questions of law and fact," if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor. The appellate courts
may review de novo "mixed questions of law and fact" not falling within this
category.



Id. at 89 (citations omitted). Because Clayton's testimony is uncontroverted, we will review the
trial court's decision de novo.

 Clayton admited that he routinely asks drivers for permission to search their
vehicles whether he has any suspicion of criminal activity or not. That was the case here. 
Appellant does not argue that the consent to search was involuntary. Instead, he argues that any
request for consent to search a motorist's car following the resolution of the matter that prompted
the traffic stop is automatically an illegal seizure if the police officer did not have probable cause
to investigate or reasonable suspicion that any criminal actions were occurring. We believe this
is an untenable position in light of the current state of constitutional law.

 The Fourth Amendment protects against unreasonable searches and seizures,
including those entailing only a brief detention. See United States v. Mendenhall, 446 U.S. 544,
551 (1980). A detention may last no longer than is necessary to effectuate the purpose of the stop. 
Florida v. Royer, 460 U.S. 491, 500 (1983). When a police officer simply requests permission
to search a vehicle, however, that does not amount to an unlawful seizure under the federal
constitution. The Fourth Amendment does not proscribe voluntary cooperation. Florida v.
Bostick, 501 U.S. 429, 439 (1991). A police officer may approach a citizen without probable
cause or reasonable suspicion to ask questions or even request a search. Royer, 460 U.S. at 497-98; Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). "When officers have no
basis for suspecting a particular individual, they may generally ask questions of that individual
. . . as long as the police do not convey a message that compliance with their requests is required." 
Bostick, 501 U.S. at 435.

 There is no dispute in the present case that the initial traffic stop was valid. 
Moreover, there is no evidence in the record--nor does appellant claim--that he felt unable to
refuse the request for consent. The limited record in this case does not support the conclusion,
when judged objectively from all the circumstances surrounding the encounter, that a reasonable
person would not have felt free to withhold consent. Cf. State v. Daly, No. 03-00-244-CR (Tex.
App.--Austin Dec. 21, 2000, no pet. h.). The time from the beginning of the traffic stop to the
point when the search began was approximately six minutes. Appellant does not dispute the
reasonableness of the circumstances; rather, he contends it was per se unreasonable for the police
to ask for consent to search his vehicle.

 The touchstone of the Fourth Amendment is reasonableness. Florida v. Jimeno,
500 U.S. 248, 250 (1991). The Supreme Court has consistently avoided bright-line rules, instead
emphasizing the fact-specific nature of the reasonableness inquiry. Ohio v. Robinette, 519 U.S.
33, 39 (1996); see also Royer, 460 U.S. at 506. In Robinette, the Supreme Court struck down a
state court's ruling that required police officers to inform motorists that they were free to go
before requesting consent to search their automobiles. Robinette, 519 U.S. at 39. We believe,
in light of Robinette and Royer, that police officers may request consent to search an automobile
after the purpose of the traffic stop has been accomplished so long as it is reasonable under the
circumstances and the police officers have not conveyed "a message that compliance with their
requests is required." Bostick, 501 U.S. at 435. Appellant does not assert that he was required
to give consent, nor does he argue that, considering the totality of the circumstances, a reasonable
person would not have felt free to leave. He merely argues that it is an illegal detention per se. 
As we have noted, such a rule is not mandated by the Fourth Amendment.

 Recently, another appellate court in Texas, construing Robinette and Davis v. State,
947 S.W.2d 240 (Tex. Crim. App. 1997), held that a police officer may request consent to search
a vehicle after a traffic stop but may not detain the occupants or vehicle further if such consent is
refused unless reasonable suspicion of some criminal activity exists. See Simpson v. State, 29
S.W.3d 324, 328 (Tex. App.--Houston [14th Dist.] 2000, no pet.). The Davis court held that a
traffic stop must be temporary and last no longer than is necessary to effectuate the purpose of the
stop. Davis, 947 S.W.2d at 245. We agree. Nonetheless, if these requirements are met,
reasonable suspicion is not required for a police officer to request consent to search an automobile
as long as a message that compliance is required is not conveyed.

 Appellant cites the Davis case in support of his position. It is distinguishable in one
important respect. There, police officers continued to detain the defendant after they had
determined that he was not intoxicated. They were twice denied consent to search. Id. at 241. 
In the instant case, as noted by the State, the traffic stop was very short and appears reasonable
under the circumstances. From the record, we cannot determine whether the request for consent
was made before or after the original purpose for the traffic stop was effectuated. Even if made
afterwards, however, it does not appear that appellant was further detained before the request was
made. Once the reason for the original detention ended, appellant and Clayton were in essentially
the same position as any officer who approaches a citizen and asks for consent to conduct a search. 
See Royer, 460 U.S. at 497-98. In light of the totality of the circumstances, that the detention was
under six minutes, that it was daytime, and the complete absence in the record of any evidence that
appellant felt compelled to stay and give his consent to the search, we conclude that the encounter
was reasonable and not in violation of the Fourth Amendment. The mere request for consent to
search does not amount to an illegal seizure. For these reasons, we overrule appellant's points of
error relating to the legality of the search.(1)


Sufficiency of the Evidence

 Appellant's final point of error challenges the sufficiency of the evidence. More
specifically, appellant maintains that because the indictment contained the charge of more than one
but less than four grams, he should not have been convicted of a lesser included offense.

 When conducting a factual sufficiency review, we do not view the evidence in the
light most favorable to the verdict. Instead, we consider all evidence equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. See Orona v. State,
836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). The appellate court, however, does not
substitute its judgment for that of the jury, and should set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Furthermore, the appellate court may not
reverse a jury's decision simply because it disagrees with the result. See Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact that the substance found in the automobile
was amphetamine and that it belonged to the defendant is not challenged; only the weight of the
substance is at issue.

 Clayton took the substance found in the appellant's car back to the Round Rock
Police station where he weighed it. He obtained a weight of 0.98 grams. The Department of
Public Safety weighed the evidence and got a result of 1.02 grams. There was testimony that both
scales were regularly calibrated and believed to be accurate. Clearly, there was conflicting
testimony and evidence that troubled the trial court as to the weight of the substance. The judge
found that there was reasonable doubt that the weight of the substance was more than one but less
than four grams. There is, however, compelling evidence that the defendant possessed the
requisite amount of amphetamine to be convicted of the lesser included offense. The evidence is
not so weak or contrary to the overwhelming weight of the evidence as to be clearly wrong.

 Appellant directly challenges the authority of the court to convict him of a lesser
included offense. He maintains that the State is bound by the allegations included in the
indictment. This claim is without merit. The rule in this state is that "[i]n a bench trial, the
prosecution is not required to submit a lesser included offense charge to the trial judge. The trial
court is authorized to find the appellant guilty of any lesser offense for which the State provides
the required proof." Shute v. State, 877 S.W.2d 314, 315 (Tex. Crim. App. 1994); see also
Cunningham v. State, 726 S.W.2d 151, 153 (Tex. Crim. App. 1987). The trial court necessarily
found the required proof to convict appellant of the lesser included offense. Because we do not
agree with appellant that the great weight of the evidence is contrary to this ruling, we overrule
this point of error.


CONCLUSION

 After reviewing de novo the trial court's denial of the motion to suppress and
according great weight to the trial court's findings of fact, we conclude that there is no reversible
error. We overrule all of appellant's points of error and affirm the judgment of the trial court.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: December 21, 2000

Publish


1. This Court is aware of the danger involved and the controversy surrounding the
voluntariness of consent in the context of a traffic stop. See generally 4 Wayne R. Lafave, Search
and Seizure § 9.3, at 85-135 (3d ed. 1996). We acknowledge the validity of the thrust of
appellant's public policy arguments. This Court, however, is not in a position to make such
policy.


the same position as any officer who approaches a citizen and asks for consent to conduct a search. 
See Royer, 460 U.S. at 497-98. In light of the totality of the circumstances, that the detention was
under six minutes, that it was daytime, and the complete absence in the record of any evidence that
appellant felt compelled to stay and give his consent to the search, we conclude that the encounter
was reasonable and not in violation of the Fourth Amendment. The mere request for consent to
search does not amount to an illegal seizure. For these reasons, we overrule appellant's points of
error relating to the legality of the search.(1)


Sufficiency of the Evidence

 Appellant's final point of error challenges the sufficiency of the evidence. More
specifically, appellant maintains that because the indictment contained the charge of more than one
but less than four grams, he should not have been convicted of a lesser included offense.

 When conducting a factual sufficiency review, we do not view the evidence in the
light most favorable to the verdict. Instead, we consider all evidence equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. See Orona v. State,
836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). The appellate court, however, does not
substitute its judgment for that of the jury, and should set aside the verdict only if it is so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Furthermore, the appellate court may not
reverse a jury's decision simply because it disagrees with the result. See Cain v. State, 958
S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact that the substance found in the automobile
was amphetamine and that it belonged to the defendant is not challenged; only the weight of the
substance is at issue.

 Clayton took the substance found in the appellant's car back to the Round Rock
Police station where he weighed it. He obtained a weight of 0.98 grams. The Department of
Public Safety weighed the evidence and got a result of 1.02 grams. There was testimony that both
scales were regularly calibrated and believed to be accurate. Clearly, there was conflicting
testimony and evidence that troubled the trial court as to the weight of the substance. The judge
found that there was reasonable doubt that the weight of the substance was more than one but less
than four grams. There is, however, compelling evidence that the defendant possessed the
requisite amount of amphetamine to be convicted of the lesser included offense. The evidence is
not so weak or contrary to the overwhelming weight of the evidence as to be clearly wrong.

 Appellant directly challenges the authority of the court to convict him of a lesser
included offense. He maintains that the State is bound by the allegations included in the
indictment. This claim is without merit. The rule in this state is tha