COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-08-038-CR

 

 

JON RICHARD ORLANDO                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.      Introduction








Appellant Jon Richard Orlando appeals his
conviction for robbery causing bodily injury. 
Appellant argues that the evidence is both legally and factually
insufficient to support his conviction because there is a lack of evidence to
show he possessed the necessary mental state alleged in the indictment.  Appellant specifically argues that (1) his
convicted offense is not a lesser offense of the indicted offense, and (2)
there is a fatal variance between the indicted offense and the proof adduced at
trial.  We affirm.

II.     Factual and procedural
background

Appellant was indicted for robbery on July 26,
2007.  The indictment alleged that
Appellant Aintentionally or knowingly,
while in the course of committing theft of property and with intent to obtain
or maintain control of said property, cause[d] bodily injury to Dwayne
Sakaguchi by hitting Dwayne Sakaguchi with his hand.@[2]  Appellant waived trial by jury, and after a
bench trial, the court found Appellant guilty of the lesser included offense of
robbery, Abased on the reckless culpable
mental state.@








The alleged offense occurred on June 6, 2007, at
7:40 p.m.  Dwayne Sakaguchi, a loss
prevention investigator working at the Eastchase Target store in Fort Worth,
was watching a live closed-circuit security monitor and noticed Appellant and
an individual acting suspiciously.  He
went to the sales floor to closely observe the two individuals.  Sakaguchi saw Appellant remove a Polaroid multimedia
player from its package with a knife and place the item in his back left
pocket.  Sakaguchi testified that he
followed Appellant as he attempted to leave the store without paying for the
multimedia player.








As Appellant passed the electronic security
towers at the exit door, Sakaguchi approached him from behind and identified
himself as Target security.  When they
both were outside the exit doors, Sakaguchi asked Appellant to come back into
the store.[3]  Sakaguchi testified that he had his hand on
Appellant=s stomach to coax him back into
the store.  Sakaguchi stated that
Appellant resisted and Agot combative.@  As the two were closer to the inside of the
store, Appellant allegedly struck Sakaguchi. 
As Sakaguchi described the incident, when he blocked Appellant from
exiting, Appellant hit him with an open palm on the bottom of his right eye and
also hit him with his elbow as they fell to the ground.  Sakaguchi described Appellant=s strike
as one full motion, with his right palm and elbow, as he tried to evade apprehension.  When asked by the trial court if it was Alike a
football player would push a blocker,@
Sakaguchi responded, ANo.  Like an intentional hit.@  After this response, the trial court
suggested to Sakaguchi that Appellant=s strike
seemed Alike
someone [] trying to push a tackler out of the way, like a pop,@ and
Sakaguchi agreed with the court=s
characterization.

After this blow, Sakaguchi said that he felt pain
and his vision started to blur. 
Sakaguchi stated that he tried to hold Appellant=s upper
body and get him on his knees, but he could not place handcuffs on him.  Sakaguchi stated that he and a trainee,
present throughout the scuffle, tried to talk to Appellant.  He described the guidelines he must follow
when he cannot restrain a person by stating he was allowed to use Aenough
[force] to get [a person] into handcuffs,@ but
only enough to Aget the subject under control.@  Sakaguchi stated that he was able to get
Appellant back into the store within a minute and a half.

At trial, the State offered the store video of
the incident containing two camera views: the electronics area of the store and
the inside portion of the store entrance. 
Sakaguchi stated that Appellant=s strike
to his face was not caught on camera because it occurred outside the store,
when he and Appellant were out of the camera=s
view.  Sakaguchi explained that there
were no cameras focused on the exterior area of the store=s front
doors.  Sakaguchi confirmed he was
visible in the videotape Awrestling around@ with
Appellant after the injury to his eye occurred.








Police officer Scott Sikes of the Fort Worth
Police Department testified that he arrived after the incident with Sakaguchi
occurred and immediately handcuffed Appellant. 
Officer Sikes stated that Appellant was Apretty
agitated,@ and was Aflailing
his arms, trying to twist away from us.@  Officer Sikes stated that he spoke with
Sakaguchi about the event and noticed swelling and redness beneath one of
Sakaguchi=s eyes.  Officer Sikes also stated that Appellant
moved around and yelled while waiting in the police car.  Officer Sikes took Appellant to the police
station where Detective Brent Johnson, a robbery detective for the Fort Worth
Police Department, interviewed him.

Detective Johnson testified that on the day of
the altercation, Appellant gave a statement. 
The State offered Appellant=s
signed, dictated statement, which contained a paragraph with an acknowledgment
of the Miranda warnings and a second paragraph with Appellant= summary
of what occurred.  In the second
paragraph, Appellant stated that he went to Target with a friend and saw that
friend purchase an iPod mp3 player. 
Appellant stated that he Awent to
the little Ipods and cut the package and took it out of the package and put it
in [his] back pocket.@ 
He then stated, AAs I went toward the door, 2
dudes came up and grabbed me[;] one looked about 16 years old 85-90 lbs[.]  He grabbed my arm and I threw my elbow
forward to get away from him.@








After receiving all the testimony and hearing
closing arguments, the trial court found Appellant guilty of recklessly causing
bodily injury in the course of committing theft.  The trial court explained that there was no
question that Appellant=s conduct in trying to
escape was intentional.  The trial court
stated that the conduct, as shown in the video, was intentional or knowing, but
that Aa
conviction for robbery requires a result to be intentional or knowing as
far as the bodily injury element of the offense.@  [Emphasis added]  The trial court described the rule of
transferred intent and stated that when an individual shoves a person to get
them out of the way, his elbow and palm hit the right cheek, whereas when an
individual intentionally hits a person, the individual=s hand
or elbow hits that person=s left cheek.[4]  The trial court concluded that if an
individual person tries to elbow his way out of a predicament and hits someone
causing injury, at minimum the individuals=s
conduct is reckless, because Aa
reasonable person under the circumstances is aware of the nature of their
conduct and of the risk.@ 
See Tex. Penal Code ' 6.02(c)
(Vernon Supp. 2008).

During the punishment phase, Appellant pleaded
true to the repeat offender notice.  The
trial court sentenced Appellant to twenty years=
confinement.








III.     Legal and factual
sufficiency of the evidence

Appellant argues that the evidence is legally and
factually insufficient to prove robbery causing bodily injury and, because the
trial court found Appellant guilty based on a mental state not alleged in the
indictment, there is a fatal variance between the indictment and the proof at
trial.

a.      Legal
sufficiency standard of review

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).








The trial judge, when sitting as the sole trier
of facts, is the exclusive judge of the credibility of the witnesses and the
weight to be given to their testimony.  Joseph
v. State, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@ 
Hooper v. State, 214 S.W.3d 9, 16B17 (Tex.
Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778. 

b.     Factual
sufficiency standard of review

When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Neal v.
State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), cert. denied, 129
S. Ct. 1037 (2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Lancon v. State, 253
S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15,
417.  To reverse under the second ground,
we must determine, with some objective basis in the record, that the great
weight and preponderance of all the evidence, though legally sufficient,
contradicts the judgment.  Watson,
204 S.W.3d at 417.








In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently.  Id. 
We may not simply substitute our judgment for the factfinder=s.  Johnson v. State, 23 S.W.3d 1, 12
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).  Unless the record clearly
reveals that a different result is appropriate, we must defer to the trial
court=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict often turns on an evaluation of credibility
and demeanor.  Johnson, 23 S.W.3d
at 8.  Unless we conclude that it is
necessary to correct manifest injustice, we must give due deference to the
factfinder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

c.      Applicable
law

1.     The
robbery offense








The State is required to prove every element of
an offense beyond a reasonable doubt. 
Tex. Penal Code ' 2.01 (Vernon 2003).  Texas Code of Criminal Procedure Article
21.03 commands that A[e]verything should be stated in
an indictment which is necessary to be proved.@  Tex. Code Crim. Proc. Ann. art. 21.03 (Vernon
2009).  The penal code describes robbery
as, 

(a) A person commits an
offense if, in the course of committing theft as defined in Chapter 31 and with
intent to obtain or maintain control of the property, he: 

 

(1) intentionally,
knowingly, or recklessly causes bodily injury to another; or

 

(2) intentionally or
knowingly threatens or places another in fear of imminent bodily injury or
death.

 

Tex. Penal Code ' 29.02(a) (Vernon 2003). 

2.     The
culpable mental states








Culpable mental states are classified according
to degrees, from highest to lowest, as follows: (1) intent, (2) knowledge, (3)
recklessness, and (4) criminal negligence. 
See id. '
6.02(d).  A person acts intentionally, or
with intent, with respect to a result of his conduct when it is his conscious
objective or desire to cause the result. 
See id. ' 6.03(a) (Vernon 2003).  A person acts knowingly, or with knowledge,
with respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.  See
id. '
6.03(b).  A person acts recklessly when
he is aware of, but consciously disregards, a substantial and unjustifiable
risk that the result will occur.  See
id. '
6.03(c).  The risk must be of such a
nature and degree that its disregard constitutes a gross deviation from the
standard of care that an ordinary person would exercise under all the
circumstances as viewed from the actor=s
standpoint.  Id.

By its definition, Areckless@ is a
lesser culpable mental state than Aintentional
or knowing.@ 
See id. '
6.02(d); see also Rocha v. State, 648 S.W.2d 298, 302 (Tex. Crim. App.
1982) (op. on reh=g) (holding that, for the
purpose of submitting to the jury the lesser included offense of aggravated
assault, Areckless@ is
included under the canopy of higher culpable mental states of Aintentional@ and Aknowing@ alleged
in the indictment for the greater offense of attempted murder).

3.     The trial court=s authority to find guilt
for lesser included offenses

 








In a bench trial, a trial judge is authorized to
find a defendant guilty for any lesser included offense for which the evidence
provides the required proof.  See
Shute v. State, 877 S.W.2d 314, 314 (Tex. Crim. App. 1994) (holding that
the double jeopardy clause does not bar retrial on a lesser included offense
when the first trial was a bench trial and there was sufficient evidence for
the trial judge to find defendant guilty of the lesser offense); Donohoe v.
State, No. 08-04-00105-CR, 2007 WL 528554, at *1 (Tex. App.CEl Paso
2007, pet. ref=d) (not designated for
publication).  The prosecution is not
required to submit a lesser included offense charge to the trial judge in order
for the trial court to be authorized to find guilt of any lesser offense.  Shute, 877 S.W.2d at 314; Leach v.
State, 35 S.W.3d 232, 237 (Tex. App.CAustin
2000, no pet.); Watson v. State, 923 S.W.2d 829, 832 (Tex. App.CAustin
1996, pet. ref=d).  This process differs from a jury trial, where
the court must decide if instructions on a lesser offense in the jury charge
are required.[5]

4.     Determining
lesser included offenses

Whether one offense is a lesser included offense
of another is determined on a case-by-case basis.  Jacob v. State, 892 S.W.2d 905, 907
(Tex. Crim. App. 1995).  The starting
point in the analysis of a lesser included offense is Texas Code of Criminal
Procedure Article 37.09, which lists four ways an offense can be the lesser
included offense of a charged offense.  See
id.  

An offense is a lesser included offense if: 

(1) it is established by
proof of the same or less than all the facts required[6]
to establish the commission of the offense charged; 








(2) it differs from the
offense charged only in the respect that a less serious injury or risk of
injury to the same person, property, or public interest suffices to establish
its commission; 

 

(3) it differs from the
offense charged only in the respect that a less culpable mental state suffices
to establish its commission; or 

 

(4) it consists of an
attempt to commit the offense charged or an otherwise included offense.

 

See Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon
2006). 

The constitutional validity of article 37.09
rests in part on its reference to the charged offense and to the restricted or
reduced culpability of the lesser included offense as compared to the charged
offense.  Jacob, 892 S.W.2d
at  908 (citing Day v. State,
532 S.W.2d 302, 315 (Tex. Crim. App. 1976) (op. on reh=g)).  Otherwise, a defendant could be convicted of
an offense not subsumed in the charged offense, but shown by the evidence
presented.  Id.  The determination of a lesser included
offense is made without regard to punishment; one offense may be a lesser
included offense even if it carries the same penalty.  Nejnaoui v. State, 44 S.W.3d 111, 118
(Tex. App.CHouston [14th Dist.] 2001, pet.
ref=d).

d.     Analysis








Appellant does not contest the sufficiency of the
evidence showing that he stole the multimedia player or the evidence that he
injured someone during this theft; rather, his argument focuses on (1) the
sufficiency of the evidence for his conviction based on a lesser culpable
mental state not alleged in the indictment and (2) a potential variance between
the allegations and the proof adduced at trial. 
We will discuss each part of his argument in turn.

1.     The
lesser included offense

In part of his argument, Appellant asserts that
he was convicted for the same offense as the offense charged in the indictment,
rather than a lesser offense.  However,
Appellant=s conviction for recklessly
causing bodily injury in the commission of theft constituted a lesser included
offense under article 37.09(1) and (3). 
Tex. Code Crim. Proc. Ann. art. 37.09(1), (3). 








First, under article 37.09(1), the convicted
offense was established by the same or fewer than the same facts required to
establish the charged offense: for the convicted offense, the evidence only had
to establish that, during the commission of the theft, when Appellant hit
Sakaguchi, he acted with conscious disregard to a substantial or unjustifiable
risk that the resulting bodily injury to Sakaguchi would occur.  See Tex. Penal Code '
6.03(c).  This offense was established
with similar or fewer facts than the indicted charge that during the theft,
Appellant hit Sakaguchi and acted with a conscious objective or reasonable
certainty to cause the resulting bodily injury. 
See id. ' 6.03(a),
(b); Tex. Code Crim. Proc. Ann. art. 37.09(1). 
Also, in this case, the Ahitting@ conduct
and Abodily
injury@ result
constituting the lesser included Areckless@ robbery
offense are the same conduct and result alleged in the indictment for robbery
with an Aintentional
or knowing@ mental state; the two offenses
require the State to prove the same elements and only differ in regard to
mental states.  See Gay v. State,
235 S.W.3d 829, 832 (Tex. App.CFort
Worth 2007, pet. ref=d) (lesser included offense of
reckless bodily injury to child differed only in mental state to the indicted
offense of intentional or knowing bodily injury to child); cf. Irving v.
State, 176 S.W.3d 842, 846 (Tex. Crim. App. 2005) (holding that the conduct
in the lesser included offense jury instruction for assault was not the same as
the two theories of conduct charged in the indictment for aggravated assault).  This leads to the other applicable
definition: under article 37.09(3), the convicted offense of robbery with a
reckless mental state differs from the offense charged only in the respect that
the reckless culpable mental state suffices to establish its commission.  Tex. Code Crim. Proc. Ann. art. 37.09(3); see
also Rocha, 648 S.W.2d at 302 (stating the additional culpable mental state
of Areckless@
submitted in jury charge was a lesser culpable mental state of the alleged Aintentionally@ and Aknowingly@ mental
states); Gay, 235 S.W.3d at 832.








Both the indictment and the State asserted an @intentional
or knowing@ mental state for the robbery
offense, but the trial court weighed the evidence and determined that Appellant=s manner
of striking Sakaguchi was more akin to Ashoving@ or Aelbowing
his way out of a predicament,@ rather
than intentionally causing injury to Sakaguchi with the palm and elbow blow to
Sakaguchi=s right cheek.  The trial court concluded that if, while
elbowing his way out of a predicament, an individual hits a person with the
palm and causes injury, Aat minimum the conduct is
reckless, because a reasonable person under the circumstances is aware of the
nature of their conduct and of the risk.@  Thus, the trial court properly decided,[7]
based on Appellant=s manner of shoving Sakaguchi
out of the way while striking him with his palm, that Appellant acted
recklessly, rather than intentionally or knowingly, under the robbery
statute.  See id., In re R.H., No.
02-05-00340-CV, 2006 WL 1653171 at *1 (Tex. App.CFort
Worth 2006, no pet.) (mem. op., not designated for publication) (stating that
committing assault recklessly under penal code section 22.01(a)(1) is a lesser
included offense of committing assault intentionally or knowingly under that
section).








2.     Variance


Appellant argues there was a fatal variance
between the indicted offense and the proof adduced at trial, violating his due
process right of notice.  A variance is
defined as a discrepancy between the allegations in the charging instrument and
the proof at trial.  See Gollihar
v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).  The Texas Court of Criminal Appeals has
recently held that an offense is denominated a Alesser
included@ offense
when the proof of the lesser offense is Aincluded@ in the
offense described in the charging instrument. 
Wasylina v. State, 275 S.W.3d 908, 910 (Tex. Crim. App.
2009).  The court stated that, if the
State proves the charged offense, it necessarily proves all lesser included
offenses.  It added that A[this]
is why the submission of a lesser-included offense does not violate a
constitutional due[-]process right to notice of the crime of which he is accused.@  Id.








In this case, the State provided evidence from
physical exhibits and Sakaguchi=s[8]
and Officer Sikes=s testimony that tended to prove
Appellant intentionally or knowingly struck Sakaguchi with his hand during the
commission of a theft, which is the same offense described in the allegations
in the indictment.  There is no
detectable variance when the allegations are the same as the proof adduced at
trial; the State pursued the indicted offense throughout its case and closing
argument, rather than asserting Appellant=s
culpable mental state was Areckless.@[9]  At the end of closing arguments, the trial
court was entitled to find Appellant guilty of the lesser included offense of
robbery with a reckless culpable mental state, despite the absence of that
mental state in the State=s arguments.  See Shute, 877 S.W.2d at 314. 

IV.    Conclusion

Viewing the evidence in a light most favorable to
the prosecution, the trial court could have found beyond a reasonable doubt
that, in the course of committing a theft, Appellant recklessly caused bodily
injury to Sakaguchi when he struck Sakaguchi with his palm and elbow.  Tex. Penal Code Ann. '
29.02(a)(1).  We hold that the evidence
is legally sufficient to support the trial court=s
judgment and we overrule Appellant=s first
point.  See Jackson, 443 U.S. at
319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.








Viewing the evidence in a neutral light, we
cannot say that the evidence is so weak that the trial court=s
determination that, in the course of committing a theft, Appellant recklessly
caused bodily injury to Sakaguchi is clearly wrong or manifestly unjust.  We also cannot say that the conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
trial court=s determination is manifestly
unjust.  See Lancon, 253
S.W.3d at 704; Watson, 204 S.W.3d at 414B15,
417.  We therefore hold that the evidence
is factually sufficient to support the trial court=s
judgment, and we overrule Appellant=s second
point.

Having overruled both of Appellant=s
points, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL:  GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 4, 2009











[1]See Tex. R. App. P. 47.4.





[2]The indictment also
contained a repeat offender notice for Appellant=s past burglary
conviction.





[3]Sakaguchi explained that,
for his loss prevention duties at Fort Worth stores, he must wait until the
suspicious individual exits the store to detain them.





[4]In this case, Sakaguchi=s injury was on his right
cheek, indicating more of a Ashove,@ according to the trial court.





[5]There is a two-step
analysis to determine when a charge on a lesser offense should be given.  See Hall v. State, 225 S.W.3d 524, 535B36 (Tex. Crim. App.
2007); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to determine whether the
offense is a lesser included offense under article 37.09, and the second step
is to evaluate the evidence to determine whether there is evidence that would
permit a rational jury to convict a defendant of only the lesser offense.  See Moore, 969 S.W.2d at 8.  There must be evidence that a jury could
acquit the defendant of the charged greater offense.  Id.





[6]Facts Arequired@ means the evidence
legally required to prove the elements.  Hall,
225 S.W.3d at 534.





[7]The previously-noted two
step analysis is unnecessary in this case because this was a bench trial and
the State was not obligated to submit jury instructions for this lesser
offense.  See Shute, 877 S.W.2d at
314.





[8]Sakaguchi at one point
asserted that Appellant=s strike at his face was Aan intentional hit.@





[9]Appellant=s counsel, however, did
assert in closing arguments that Appellant=s acts could Apossibly@ be deemed Areckless,@ however, and acknowledged the trial court=s response that it was
authorized to convict on the lesser included offense.